**INSTRUCTION NO. 1**

**COURT'S INSTRUCTIONS TO THE JURY 01CV263**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION NO. 2**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**INSTRUCTION NO. 3**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**INSTRUCTION NO. 4**

The parties here are corporations. A corporation is entitled to the same fair trial as a private individual; all persons, including corporations, stand equal before the law, and are to be treated as equals.

**INSTRUCTION NO. 5**

The evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.

Evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**INSTRUCTION NO. 6**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

**INSTRUCTION NO. 7**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**INSTRUCTION NO. 8**

Plaintiff Schwan's has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If plaintiff Schwan's should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for defendant Doboy as to that claim.

As to the counterclaim, which is Doboy's claim against Schwan's for payment owed under the contract, the defendant is in the position of a plaintiff and the defendant has the burden of proving the essential elements of the counterclaim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 9**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**INSTRUCTION NO. 10**

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**INSTRUCTION NO. 11**

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**INSTRUCTION NO. 12**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**INSTRUCTION NO. 13**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**INSTRUCTION NO. 14**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

**INSTRUCTION NO. 15**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**INSTRUCTION NO. 15**

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**INSTRUCTION NO. 16**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 17**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

**INSTRUCTION NO. 18**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 19**

The parties agree they have entered into a binding contract.

**INSTRUCTION NO. 20**

An "express warranty" is an express statement of fact material to the transaction which is a part of the contract between the parties. Where there is an express warranty by the seller, then there is no duty of inspection on the buyer. Even though the buyer may be negligent in failing to discover a defect in the goods purchased, he or she may, nevertheless, rely on the representations and on the warranty of the seller.

**INSTRUCTION NO. 21**

The law requires that each party act in good faith towards the other party and deal fairly with that party when performing or carrying out the expressed terms of the contract. This requirement to act in good faith is a part of the contract just as though the contract stated it.

If one party enters into a contract with another, there is an implied promise by each party that it will do nothing to hinder or obstruct performance by the other. If cooperation is necessary for the performance of the contract, there is an implied promise to give the necessary cooperation. Failure to cooperate may constitute a hindrance or obstruction of performance.

An implied promise is binding as if spelled out and failure to fulfill the promise constitutes a breach of contract. The doing of acts or the failure to do acts which one party knows or ought to know would hinder or prevent the other from performing his or her obligations under the contract may constitute such a breach.

The conduct of a party which may have been sufficient to hinder or prevent performance by the other party to a contract does not constitute a breach if the other party would not have performed in any event.

**INSTRUCTION NO. 22**

Whether the parties to a contract gave it a particular construction is to be regarded by you in giving effect to the provisions of the contract. The subsequent acts of the parties, showing the construction that they themselves have put upon the agreement, are to be considered by you for the purpose of assisting you in arriving at a determination of what the arrangement was between the parties.

**INSTRUCTION NO. 23**

Each party to a contract has a duty to perform its obligations under the contract. A breach occurs when a party fails to perform its contractual obligations without legal justification.

A failure to complete performance under a contract, or a defective performance, does not prevent recovery if you find that there was substantial performance of the contract. This applies to Doboy's claim against Schwan's. You must first find that there was a good faith effort to perform; if you find that a good faith effort was made, you will then proceed to determine whether the performance was, in a legal sense, substantial.

Performance may be substantial even though every detail is not in strict compliance with the terms of the contract; something less than perfection is required. Some measure of nonperformance will be tolerated if the party seeking performance has received, with relatively minor and unimportant deviations, what it bargained for. But if the defect or uncompleted performance is of such extent and nature that there has been no practical fulfillment of the terms of the contract, then there has been no substantial performance.

**INSTRUCTION NO. 24**

If a party cannot do part of what the party has promised to do because of circumstances beyond his or her control and not within his or her ability to foresee, but the rest of the performance can be made without material difficulty or disadvantage, then the duty of the promisor to perform may be excused only to the extent of the partial impossibility.

**INSTRUCTION NO. 25**

The measure of damages for a breach of contract is the amount that will compensate the plaintiff for the loss suffered because of the breach. A party who is injured should, as far as it is possible to do by monetary award, be placed in the position in which he or she would have been had the contract been performed. The fundamental basis for an award of damages for breach of contract is just compensation for losses necessarily flowing from the breach. A party whose contract has been breached is not entitled to be placed in a better position because of the breach than the party would have been had the contract been performed. The injured party is entitled to the benefit of his or her agreement, which is the net gain he or she would have realized from the contract but for the failure of the other party to perform.

**INSTRUCTION NO. 26**

The contract between Doboy and Schwan's contains a limited remedy in the event of a breach by Doboy. The limited remedy here is repair or replacement of nonconforming products at no charge to Schwan's. The terms of the agreement exclude all other remedies.

If you find that Doboy breached the contract, then you may award to Schwan's damages to the extent proven up to the amount of the contract price. That is the contract. I instruct you, however, that under the law, there is a circumstance under which a party may recover more than the limited remedy set out in the contract. That circumstance is where a limited remedy – that remedy set out in the contract – fails of its essential purpose.

Where a limited remedy fails of its essential purpose, the buyer may recover consequential and incidental damages as though the limitation had never existed. A limited remedy is deemed to have failed of its essential purpose when the remedy is ineffectual or when the seller fails to live up to the remedy's provisions, either of which deprives the buyer of the benefit of the bargain. The question of whether a limited remedy fails of its essential purpose is for you to decide.

A limited remedy fails of its essential purpose when a seller, obligated to repair or replace defective goods, has a reasonable opportunity to correct the defect and fails to do so.

A limited remedy of repair or replacement provided in a contract fails of its essential purpose where the seller is not able to cure the nonconformities within a reasonable time. The limited remedy of repair or replacement also fails whenever, despite reasonable opportunity for repair, the goods are not restored to a nondefective condition within a reasonable time.

A limited remedy does not fail of its essential purpose simply because the seller delivered nonconforming goods to the buyer. In order to show that the limited remedy fails of its essential

**INSTRUCTION NO. 26**

purpose, the buyer must prove by a preponderance of the evidence that the breach, whether isolated or otherwise, caused it harm that the contractual remedy was incapable of curing.

You should understand from what I've just explained that in the event you find that Doboy breached, Schwan's may recover damages over and above the damages, or remedy, set out in the contract if, and only if, the remedy set out in the contract fails of its essential purpose. It perhaps goes without saying that this instruction doesn't apply to Doboy's claim against Schwan's for money owed under the contract. In any event, Doboy isn't claiming consequential damages, but rather money it claims if owed under the contact.

**INSTRUCTION NO. 27**

The law provides that a person who has been damaged by a breach of contract shall be fairly and reasonably compensated for his or her loss. In determining the consequential damages, if any, you will allow an amount that will reasonably compensate the damaged party for all losses that are the direct result or a reasonably probable consequence of the breach and were within the contemplation of the parties when the contract was made.

**INSTRUCTION NO. 28**

Incidental damages are those damages which will compensate the damaged party for reasonable expense incident to the breach.

**INSTRUCTION NO. 29**

A party who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.

If you should find that a party has failed to seek out or take advantage of an opportunity that was reasonably available to that party to mitigate under all the circumstances shown by the evidence, then you should reduce the amount of that party's damages by the amount that party could have reasonably realized if that party had taken advantage of such opportunity.

**INSTRUCTION NO. 30**

In considering the amount to be inserted by you in answer to each damage question, the burden rests upon each party claiming damages to convince you by the greater weight of the credible evidence to a reasonable certainty that the party sustained damages and the amount of the damages.

The amount you insert should reasonably compensate the party named in the question for the damages from the occurrence.

**INSTRUCTION NO. 31**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**INSTRUCTION NO. 32**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. 33**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**INSTRUCTION NO. 34**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room. [*Read special verdict form*.]

You will note that many of the questions in the special verdict form call for a “Yes” or “No” answer. You will also note from the wording of the questions that you will not need to answer some questions unless you answer other questions a particular way. Finally, you will note that certain questions do not require a “Yes” or “No” answer, but require you to fill in a dollar amount. Your answers to all of these questions must be the unanimous answer of the jury. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

**INSTRUCTION NO. 35**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**INSTRUCTION NO. 36**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.