**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Schwan's Sales Enterprises, Inc., Civil No. 01-SC-263 JNE/AJB

Plaintiff and
Counterclaim Defendant,

vs.

SIG Pack, Inc., Doboy Division,

Defendant and
Counterclaim Plaintiff.

# SCHWAN'S SALES ENTERPRISES, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND JUDGMENT
**(Oral Argument Requested)**

## INTRODUCTION

Schwan's is entitled to pre-judgment interest on the judgment entered in the above-entitled action. Minnesota law controls this issue. The law of the forum (Minnesota) determines whether the law at issue – Minnesota Statute Section 549.09, the pre-judgment interest statute - is procedural or substantive. If the law is procedural, the law of the forum applies. Under Minnesota law, section 549.09 is procedural, and therefore, Section 549.09 determines the outcome of this motion. Section 549.09 establishes that Schwan's is entitled to interest on the judgment it received from the date the suit commenced to the date of judgment. As a result, Schwan's is entitled to pre-judgment interest from March 15, 2001, to December 13, 2005, in the amount of $97,617.12. Schwan's respectfully requests, under Rule 59(e) of the Federal Rules of Civil Procedure, that the court amend the judgment to add this amount of pre-judgment interest.

## STATEMENT OF FACTS

Doboy started this matter with its breach of contract claim against Schwan's. On, March 15, 2001, Schwan's asserted a counterclaim against Doboy. *Ex. A, Schwan's answer and counterclaim.*

At trial, the jury returned a verdict in favor of Schwan's, awarding Schwan's $524,746. *Ex. B, Judgment.* Judgment was entered on December 13, 2005. *Id.* As the prevailing party, Schwan's is entitled to pre-judgment interest on the amount of the award. The interest should cover the time between commencement of the suit and the entry of judgment, from March 15, 2001, to December 13, 2005. The amount of the award, with pre-judgment interest, should be $622,363.12.

## LEGAL ARGUMENT

The parties entered into a contract wherein they agreed that its interpretation would be governed by Wisconsin law. *Ex. C, Doboy proposal, pg. 11.* As a result, Doboy may argue that Wisconsin law should govern this motion and that Schwan's is not entitled to pre-judgment interest because Wisconsin does not allow for pre-judgment interest where the defendant was not able to ascertain the damages. This argument should be rejected, however, as Minnesota law controls this motion and, under Minnesota law, Schwan's is entitled to pre-judgment interest.

**I. The statute at issue is procedural, and therefore, Minnesota law applies and Schwan's is entitled to pre-judgment interest on the amount of the verdict.**

While Minnesota gives deference to parties' contractual choice of law (*Hagstrom v. American Circuit Breaker Corp.*, 518 N.W.2d 46, 48 (Minn. App. 1994) and *Milliken & Co. v. Eagle Packaging Co,* 295 N.W.2d 377, 380, n.1 (Minn. 1980)), the ability of parties to a contract to choose the law that will govern their transaction is limited. It is well established in Minnesota that the law of the forum governs matters of procedure and remedy; "In Minnesota, the well-settled rule is that matters of procedure and remedies are governed by the law of the forum." *Fredin v. Sharp*, 176 F.R.D. 304, 308 (D.Minn. 1997)(citing *Zaretsky v. Molecular Biosystems, Inc.*, 464 N.W.2d 546, 548 (Minn.App. 1990)(citing *Davis v.* Furlong, 328 N.W.2d 150, 153 (Minn. 1983)(affirming that Minnesota follows "the almost universal rule that matters of procedure and remedies are governed by the law of the forum state")). This is also the law in Wisconsin. *See Marten Transport, Ltd. v. Rural Mutual Insur. Co.*, 198 Wis.2d 738, 745, 543 N.W.2d 541, 544 (Wis.App. 1995)(holding that "The general rule…is that the law of the forum, that is the law of the place where relief is sought, governs maters of procedure or remedy…"). Unless the parties expressly agree to apply the procedural and/or remedial law of another state, "general choice of law provisions, as expressed in contracts, incorporate only substantive law, and do not displace the procedural law of the forum state." *Fredin,* 176 F.R.D. at 308; *see also Honeywell, Inc. v. Ruby Tuesday, Inc.*, 43 F.Supp.2d 1074, 1077

(D.Minn. 1999)(affirming that if the court concludes that the law involved is procedural, then it will apply the law of the forum without further analysis).[1]

As a result, a Federal Court that has jurisdiction over a case because of the diversity of the parties' citizenship must apply the forum state's conflict of law rules to determine the law applicable to the issue. *Fredin* , 176 F.R.D. at 307 (citing *Northwest Airlines Inc. v. Astraea Aviation Services, Inc.*, 111 F.3d 1386, 1393-94 (8th Cir. 1997)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941)). Under Minnesota law, the first question that must be resolved to determine which law applies is whether the law at issue is substantive or procedural. *Fredin,* 176 F.R.D. at 307-08 (citing *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995), cert. denied, 516 U.S. 814, 116 S.Ct. 67, 133 L.Ed.2d 28 (1995)). The law of the forum makes this determination. *Id.* If the law is procedural, the law of the forum applies without further analysis. *Id.;* see also *Honeywell, Inc. v. Ruby Tuesday, Inc.*, 43 F.Supp.2d 1074, 1077 (D.Minn. 1999)(affirming that if the court concludes that the law involved is procedural, then it will apply the law of the forum without further analysis) (citations omitted); and *Netwig v. Georgia Pacific Corp.*, 2002

---

[1] The *Fredin* court added that the prevailing position throughout the country is that general choice-of-law provisions that do not contain an agreement specifically regarding a choice of law for remedies incorporate only substantive law and "do not displace the procedural law of the forum state." *Id.* (citing *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)(holding that absent express statement of intent, choice of law provision will not be interpreted to cover procedural law); *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179-80 (3rd Cir. 1992)(holding that choice of law provisions in contracts do not apply to procedural law unless reference is express); *Federal Deposit Ins. Corp. v.* Petersen, 770 F.2d 141, 142-43 (10th Cir. 1985)(holding that absent express statement of intent, standard choice of law provision in contract could not be interpreted as covering procedural law); *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981)(holding that choice of law provision calling for agreement to be "governed by and interpreted according to the laws of British Columbia" did not displace the procedural law of the forum state).

U.S. Dist. LEXIS 4198, *6 (D. Minn. 2002). If the law is substantive, the choice of law analysis continues to the next step. *Id.* (citing *Gate City Fed. Sav. & Loan Ass'n v.* O'Connor, 410 N.W.2d 448, 450 (Minn.App. 1987), rev. denied, (Minn.October 21, 1987)).

The issue raised in this motion is whether Schwan's is entitled to pre-judgment interest. Consequently, the court must look to the law of the forum state to determine whether pre-judgment interest is procedural or substantive. In Minnesota, Section 549.09 governs pre-judgment interest. The Minnesota courts have established that Section 549.09 is procedural. *Zaretsky v. Moecular Biosystems, Inc.*, 464 N.W.2d 546, 550 (Minn. Ct. App. 1990); see also *Lakehead Electric Co. v. Lakehead Pipe Line Company, Inc.,* 1993 Minn. App. LEXIS 1214, *6 (Minn. Ct. App. 1993)(confirming that "Because prejudgment interest is a procedural issue that is governed by the law of the forum, we apply Minnesota law to this issue"), attached as Exhibit E.[2] In *Zaretsky*, the court explained that the pre-judgment interest statute is procedural because it only affects the "relationship between the parties as litigants, not…their relationship on the underlying matter in dispute." *Id.* The Federal courts recognize this to be Minnesota law. *See Nesladek v. Ford Motor Co.*, 46 F.3d 734, 737 (8th Cir. 1995)(noting that the *Zaretsky* court found that the pre-judgment interest statute is procedural); *Ferris, Baker Watts, Inc. v. Deutsche Bank Securities, LTD,* 2004 U.S. Dist. LEXIS 22588, *14, n.8 (D.Minn. 2004)(noting that in *Zaretsky,* the Minnesota court of appeals "determined that a pre-

[2] Although *Lakehead* is an unpublished decision, it is instructive because it confirms that under Minnesota law, section 549.09 and pre-judgment interest are procedural.

judgment interest statute was procedural"); and *Children's Broadcasting Corp. v. The Walt Disney Co.*, 357 F.3d 860, 868 (8th Cir. 2004)(holding that because the case is a diversity action, "Minnesota law controls the award of prejudgment interest"). Since Minnesota's pre-judgment interest statute is procedural, Minnesota law, in particular, section 549.09, governs this motion.

Section 549.09 provides to prevailing parties interest on the judgment amount from the time the action started to the time of judgment:

> Subdivision 1. (b) Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action…

*Minn. Stat. Sec. 549.09, subd. 1(b).* Per clause (c) of section 549.09, subd. 1, the interest is computed as simple interest per anum and the rate of interest is set by the state court administrator. *Id. at subd. 1(c).*

Here, Schwan's started its case against Doboy on March 15, 2001, and the judgment in Schwan's favor was entered on December 13, 2005. As a result, Schwan's is entitled to interest on the verdict amount from March 15, 2001, to December 13, 2005. Attached as Exhibit D is a calculation of the interest that Schwan's is entitled to receive based on section 549.09. The interest totals $97,617.12. The amount of the verdict, with pre-judgment interest, should be $622,363.12.

**A. The amount of damages did not have to be ascertainable for Schwan's to receive pre-judgment interest.**

In Minnesota, the prevailing party is entitled to pre-judgment interest even if the damages at issue were in dispute or the defendant could not ascertain the amount of damages for which it might be held liable. *Myers v. Hearth Technologies, Inc.*, 621 N.W.2d 787, 794 (Minn. Ct. App. 1994). In *Myers*, the court of appeals analyzed the application of Section 549.09 and an award of pre-judgment interest. The court confirmed that under section 549.09, the prevailing party is entitled to pre-judgment interest on a damages award. *Id.* (citing *Skifstrom v. City of Coon Rapids,* 524 N.W.2d 294, 295-97 (Minn.App. 1994)). In making its decision, the court rejected the argument that pre-judgment interest is only allowed where the amount of damages was ascertainable. *Id.* The court explained that it previously rejected this argument and that section 549.09 was amended to specifically allow pre-judgment interest irrespective of a defendant's ability to ascertain the amount for which it might be held liable. *Id.* (citing *Skifstrom*, 524 N.W.2d at 296 (quoting *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988)). As part of its explanation, the court highlighted the Minnesota supreme court's decision in *Lienhard*,

> Because the supreme court has held that preverdict interest is available 'irrespective of a defendant's ability to ascertain the amount of damages' (*Lienhard,* 431 N.W.2d at 865), we conclude that post-*Lienhard* cases that apply the ascertainability rule…are incorrect.

*Id.* (citations omitted).

The Federal District Court of Minnesota recognizes that there is no "ascertainability" rule in Minnesota. In *Archer Daniels Midland Company v. Aon Risk Services, Inc.*, 2002 U.S. Dist. LEXIS 19314, *28 (D. Minn. 2002), the court analyzed section 549.09 and the award of pre-judgment interest. The court used *Lienhard* to reject the argument that pre-judgment interest is not recoverable where the damages amount was not ascertainable. *Id.* The court pointed out that the "ascertainability" argument fails under case law and the plain language of the statute. *Id.* at 28-29*; see also Children's Broadcasting Corporation*, 357 F.3d at 869 (affirming that in 1984, section 549.09 was amended to provide that "the prevailing party shall receive interest on any judgment or award…[and] the amended statute allows prejudgment interest 'irrespective of a defendant's ability to ascertain the amount of damages for which he might be liable'") (citations omitted). The court added that "Numerous decisions have followed *Lienhard*'s lead and have rejected the argument that prejudgment interest is unavailable because damages were unascertainable." *Archer Daniels,* 2002 U.S. Dist. LEXIS at *29 (citing *Simeone v. First Bank Nat'l. Ass'n.*, 73 F.3d 184, 191 (8th Cir. 1996); *Myers*, 621 N.W.2d at 794; and *Skifstrom*, 524 N.W.2d at 295-97).

It is also worth noting that the court in *Archer Daniels* addressed the pre-judgment interest issue on a motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Archer Daniels,* 2002 U.S. Dist. LEXIS at *32. The court awarded the prevailing party pre-judgment interest and amended the final judgment to add the pre-judgment interest amount. *Id.* at 31-32.

## CONCLUSION

Based on the aforementioned, SSE respectfully requests that the court amend the judgment entered in this case to include pre-judgment interest in the amount of $97,617.12. Minnesota law applies and controls this motion. Under Minnesota law, Schwan's is entitled to pre-judgment interest on the award that it received from the jury. The judgment, with pre-judgment interest, should be $622,363.12.

Dated: __December 22, 2005__

_s/ Chad J. Stepan____
Michael D. Hutchens #1676812
Chad J. Stepan #0279535
Jennifer E. Ampulski #278725
*MEAGHER & GEER, P.L.L.P.*
33 South Sixth St., Suite 4200
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Plaintiff and Counterclaim Defendant Schwan's Sales Enterprises, Inc.***

/1289223