Service: **Get by LEXSEE®**
Citation: **1993 minn app lexis 1214**

*1993 Minn. App. LEXIS 1214, **

Lakehead Electric Company, Respondent, v. Lakehead Pipe Line Company, Inc., Appellant.

C0-93-1150

COURT OF APPEALS OF MINNESOTA

1993 Minn. App. LEXIS 1214

December 14, 1993, Filed

**NOTICE:** **[*1]** THIS OPINION WILL BE UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. STAT. Sec. 480A.08, SUBD. 3 AS AMENDED.

**PRIOR HISTORY:** Appeal from District Court, Ramsey County; District Court File No. C99112476; Hon. Kathleen Gearin, Judge.

**DISPOSITION:** Affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant contractor sought review of the judgment of the District Court, Ramsey County (Minnesota), which awarded appellee owner damages and pre-verdict interest in the owner's breach of contract action.

**OVERVIEW:** The owner and contractor entered into a contract whereby the contractor would build a switch gear station. Conflict arose over the site improvements. The contractor contended that the contract afforded it the right to determine the method and manner of its performance and scheduling, but that the owner, through its project inspector, asserted complete control over the project and dictated the method and time of performance as well as the means, which resulted in delays and extra costs. The court found no reversible error in the trial court's decision. The court found, inter alia, that (1) the "jury type" verdict that assessed the specific damages was supported by sufficient evidence; (2) compliance with the rule of reasonable certainty did not make it necessary to prove damages with mathematical certainty; (3) because prejudgment interest was a procedural issue that was governed by the law of the forum, Minnesota law was applied to the issue; and (4) a proper reading of the prejudgment interest statute maintained that prejudgment interest was allowed whenever appropriate, whether or not a party had made a settlement offer.

**OUTCOME:** The court affirmed the judgment of the trial court.

**CORE TERMS:** overtime, site, prejudgment interest, settlement, calculated, palpably, favorable, entitled to interest, settlement offer, posttrial motion, extra work, preverdict, best judgment, encountered, manifestly, pet, special verdict, written offer, calculation, retainage, lawsuit

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

Civil Procedure > Appeals > Standards of Review > Standards Generally

HN1 On review, answers to special verdict questions will not be set aside unless they are perverse and palpably contrary to the evidence or where the evidence is so clear to leave no room for differences among reasonable people. The evidence must be reviewed in the light most favorable to the jury verdict. The same standard of review applies to damage awards. More Like This Headnote

Contracts Law > Remedies > Compensatory Damages

HN2 Wisconsin law rejects the total cost method of calculating damages, which is the amount spent less the bid amount. Instead, Wisconsin favors the "reasonable cost" method, which is the difference between what it reasonably cost to do the work under the conditions actually encountered and the cost if those conditions had not been encountered. Wisconsin courts also accept "jury type" verdicts where the record is inadequate to assess specific damages, yet there is liability. In "jury type" verdicts the evidence must be sufficient to enable the court or jury to make a reasonable approximation of the damages. More Like This Headnote

Contracts Law > Remedies > Compensatory Damages

HN3 Compliance with the rule of reasonable certainty does not make it necessary to prove damages with mathematical certainty. In estimating damages all that the litigants have any right to expect is the exercise of the court's best judgment upon the basis of the evidence provided by the parties. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Choice of Law

HN4 Because prejudgment interest is a procedural issue that is governed by the law of the forum, the Minnesota courts apply Minnesota law to this issue. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Judgment Interest

HN5 The language of Minn. Stat. § 549.09, subd. 1(b) provides for a written offer of settlement, but does not require one to trigger prejudgment interest. A written settlement offer is one action that triggers the calculation of prejudgment interest, but it is only one way to do so. A party also can calculate prejudgment interest from the date the action commenced or arbitration was demanded. Commentators agree that a proper reading of the statute is that prejudgment interest will be allowed whenever appropriate, whether or not a party has made a settlement offer. Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed as provided in § 549.09, subd. 1(c) from the time of the commencement of the action, or the time of a written settlement demand, whichever occurs first. If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 60 days. After that time interest on the judgment shall be calculated by the judge in the following manner. § 549.09, subd. 1(b). More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review

HN6 The appellate court will set aside the court's decision only if it is manifestly and palpably contrary to the evidence. More Like This Headnote

**COUNSEL:** For Lakehead Electric Company, Respondent: Timothy C. Cook, Moore, Costello & Hart, St. Paul, MN.

For Lakehead Pipe Line Company, Inc., Appellant: Robert H. Magie, III, Crassweller, Magie, Andresen, Haag & Paciotti, Duluth, MN.

**JUDGES:** Considered and decided by Crippen, Presiding Judge, Huspeni, Judge, and Short, Judge.

**OPINIONBY:** DORIS OHLSEN HUSPENI

**OPINION: UNPUBLISHED OPINION**

**HUSPENI,** Judge

Lakehead Pipe Line Co. challenges the amount of damages and preverdict interest awarded in a breach of contract action. Lakehead Electric Co. submits for review the issues of whether the trial court correctly determined overtime damages and whether it was entitled to interest on contract amounts that Lakehead Pipe Line Co. retained beyond completion of work. Because we do not find the special verdict answers palpably contrary to the evidence, we affirm.

**FACTS**

This lawsuit concerns site improvements made by respondent Lakehead Electric Co. as part of a contract with appellant **[*2]** Lakehead Pipe Line Co. to build a switch gear station near Ino, Wisconsin. The parties' contract specified how respondent was to perform the site improvements, and what materials it should use. The contract also permitted payment for extra work and expenses incurred on the job as approved by appellant.

Respondent contends that the contract afforded it the right to determine the method and manner of its performance and scheduling, but that appellant, through its project inspector Ross Compton, asserted complete control over the project and dictated the method and time of performance as well as the means. As a result of Compton's conduct, respondent incurred extra costs for materials, overtime, and a subcontractor it hired to assist in completing the site improvements. Neither party appears to have kept detailed records of the daily expenditures for time and materials or for extra work. Respondent claims that it became difficult to keep track of appellant's extra requirements because Compton's orders changed frequently. Appellant argued at trial that respondent merely calculated the total costs of performing the site improvements without designating which costs were attributable to **[*3]** appellant's conduct.

Respondent completed work on the entire project on January 9, 1991. In order to receive amounts appellant retained under the contract, respondent was to submit to appellant a final sworn statement warranting that no one had a right to file or enforce a lien on account of having furnished services or materials for the project. Respondent filed the affidavit on October 16, 1992, and appellant paid respondent amounts it retained on the project on the same day. In a posttrial motion, respondent requested that the court award it interest on the retainage, which could have been due as early as July 9, 1991. The court denied the request.

**DECISION**

> HN1 On review, answers to special verdict questions will not be set aside unless they are perverse and palpably contrary to the evidence or where the evidence is so clear to leave no room for differences among reasonable people. The evidence must be reviewed in the light most favorable to the jury verdict.

Karnes v. Milo Beauty & Barber Supply Co., 441 N.W.2d 565, 567 (Minn. App. 1989) (citation omitted), pet. for rev. denied (Minn. Aug. 15, 1989). The same standard of review applies **[*4]** to damage awards. See Levienn v. Metropolitan Transit Comm'n, 297 N.W.2d 272, 273 (Minn. 1980); Rayford v. Metropolitan Transit Comm'n, 379 N.W.2d 161, 165 (Minn. App. 1985), pet. for rev. denied (Minn. Feb. 14, 1986).

1. Pursuant to the parties' contract, we apply Wisconsin law to the issue of damages. HN2 Wisconsin law rejects the total cost method of calculating damages, which is the amount spent less the bid amount. Instead, Wisconsin favors the "reasonable cost" method, which is the difference between what it reasonably cost to do the work under the conditions actually encountered and the cost if those conditions had not been encountered. Metropolitan Sewerage Comm'n v. R.W. Constr, Inc., 78 Wis. 2d 451, 255 N.W.2d 293, 298 (Wis. 1977). Wisconsin courts also accept "jury type" verdicts where the record is inadequate to assess specific damages, yet there is liability. Id. at 299. In "jury type" verdicts the evidence must be sufficient to enable the court or jury to make a reasonable approximation of the damages. Id.

Appellant argues that respondent used the "total cost" **[*5]** method in calculating its damages and did not produce sufficient evidence of the extra work attributable to appellant's breach to permit a reasonable calculation of the damages. Respondent argues that its award was a "jury type" verdict and therefore is acceptable. We agree with respondent.

Respondent's proof of damages consists of its letter to appellant detailing its problems with appellant's conduct during the project and the extra costs it incurred because of that conduct, as well as testimony describing how those damages were calculated. Appellant had ample opportunity to present evidence contradicting respondent's measure of damages. After all the evidence was received, the jury declined to award respondent all of the damages it claimed. In particular, the amount respondent claimed for the site improvement work was $ 23,722.86 more than the jury award.

HN3 Compliance with the rule of reasonable certainty does not make it necessary to prove damages with mathematical certainty. Plywood Oshkosh v. Van's Realty & Constr. of Appleton, 80 Wis. 2d 26, 257 N.W.2d 847, 849 (Wis. 1977). In estimating damages

> all that the litigants have any right to expect is the exercise **[*6]** of the court's best judgment upon the basis of the evidence provided by the parties.

R.W. Constr. Co., 255 N.W.2d at 299 (quoting Specialty Assembling & Packing Co. v. United States, 174 Ct. Cl. 153, 355 F.2d 554, 572 (Ct. Cl. 1966)). Viewing the evidence in the light most favorable to the verdict, we find that the jury in this case exercised its best judgment based on the documents and testimony before it, and do not find its conclusions palpably contrary to the evidence.

2. Appellant claims that respondent is not entitled to preverdict interest because it did not make a demand for settlement, which appellant argues is a requirement under Minn. Stat. § 549.09, subd. 1(b). HN4Because prejudgment interest is a procedural issue that is governed by the law of the forum, we apply Minnesota law to this issue. Zaretsky v. Molecular Biosystems, Inc., 464 N.W.2d 546, 551 (Minn. App. 1990).

Appellant contends that because respondent made no settlement offer, it should not be entitled to benefit from the statute because to do so would be contrary to the statute's intent to promote settlement. We disagree. HN5The language **[*7]** of the statute provides for a written offer of settlement, but does not require one. n1 A written settlement offer is one action that triggers the calculation of prejudgment interest, but it is only one way to do so. A party also can calculate prejudgment interest from the date the action commenced or arbitration was demanded. Commentators agree that a proper reading of the statute is that prejudgment interest will be allowed whenever appropriate, whether or not a party has made a settlement offer. 3 Douglas D. McFarland & William J. Keppel, Minnesota Civil Practice § 2508, at 596-97 (2d ed. 1990). We therefore find that the award of prejudgment interest in this case comports with Minnesota law.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action, or the time of a written settlement demand, whichever occurs first * * *. If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 60 days. After that time interest on the judgment shall be calculated by the judge in the following manner.

Minn. Stat. § 549.09, subd. 1(b) (1992).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*8]**

3. Respondent argues that the trial court erred in deciding upon posttrial motion to reduce by half the amount of damages awarded for overtime. HN6We will set aside the court's decision only if it is "manifestly and palpably contrary to the evidence." Levienn, 297 N.W.2d at 273.

The evidence in this case revealed that respondent made several errors in computing overtime and that it voluntarily reduced by half the amount originally claimed. There were several discrepancies between respondent's and appellant's views of how the overtime damages should be calculated, and respondent admitted that some of the overtime was owing to its own inefficiencies. Viewing the evidence in the light most favorable to the verdict, we do not find the reduction on posttrial motion to be manifestly contrary to the evidence.

4. Respondent also argues that because appellant delayed fifteen months in remitting amounts it had retained on the contract, respondent is entitled to interest on the retainage. The contract between the parties, however, required respondent to submit a final statement averring the absence of any liens or claims once the period for filing liens and claims **[*9]** expired, in order to receive the amounts retained. Respondent could have filed this affidavit as early as July 9, 1991, but did not do so until October 16, 1992.

We reject respondent's argument that it did not file the affidavit earlier because it believed that doing so would prevent it from pursuing this action. Respondent could have excepted this lawsuit from the terms of the affidavit and filed it as soon as the claim period expired. If appellant rejected the exception, respondent would have a reason for the delay and then might be entitled to interest on the amount retained. Because respondent did not act, however, we cannot penalize appellant.

**Affirmed.**

Doris Ohlsen Huspeni

December 2, 1993

Service: **Get by LEXSEE®**
Citation: **1993 minn app lexis 1214**
View: Full
Date/Time: Wednesday, December 21, 2005 - 11:22 AM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.