**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Schwan's Sales Enterprises, Inc., Court File No. 01-SC-263 JNE/AJB

Plaintiff and
Counterclaim Defendant,

vs.
SIG Pack, Inc., Doboy Division,
Defendant and
Counterclaim Plaintiff.

---

# MEMORANDUM OF SIG PACK, INC., DOBOY DIVISION IN OPPOSITION TO THE MOTION OF SCHWAN'S SALES ENTERPRISES, INC., TO AMEND THE JUDGMENT

---

## INTRODUCTION

Plaintiff Schwan's Sales Enterprises, Inc., ("Schwan's") has moved the Court to amend the Judgment to include prejudgment interest pursuant to Minn. Stat. § 549.09 (2005), arguing that choice of law principles merit application of that statute. SIG Pack, Inc., Doboy Division ("Doboy") opposes that motion for two main reasons. First, Wisconsin law applies to the issue of prejudgment interest, because Wisconsin law is the substantive law governing the claims made in this action. Second, according to Wisconsin law, Schwan's is not entitled to prejudgment interest, because Schwan's' damages could not be determined with reasonable exactness.

## RECORD SUPPORTING THIS MEMORANDUM[1]

| | |
|---|---|
| Exhibit A | Doboy Proposal |
| Exhibit B | Netwig v. Georgia-Pacific Corp., 2002 WL 391354 (D.Minn. Mar. 11, 2002) (unpublished) |
| Exhibit C | Lakehead Electric Company v. Lakehead Pipe Line Company, Inc., 1993 WL 515821 (Minn.App. Dec. 14, 1993) (unpublished) |
| Exhibit D | Ferris, Baker Watts, Inc. v. Deutsche Bank Securities Ltd., 2004 WL 2501563 (D.Minn. Nov. 5, 2004) (unpublished) |
| Exhibit E | Children's Broadcasting Corporation v. The Walt Disney Company, 2002 WL 1858759 (D.Minn. Aug. 12, 2002) (unpublished) |

## I. WISCONSIN SUBSTANTIVE LAW CONTROLS THE ISSUE OF WHETHER SCHWAN'S IS ENTITLED TO PREJUDGMENT INTEREST, BECAUSE WISCONSIN LAW CONSTITUTES THE LAW OF DECISION APPLICABLE TO THE CLAIMS BEFORE THIS COURT.

### A. A Party's Entitlement To Prejudgment Interest Depends On The Law That Supplies The Substantive Rule Of Decision.

Schwan's raises Minn. Stat. § 549.09 (2005) as a facade for arguing that a conflict of laws exists relative to prejudgment interest. The only conflict of laws that exists relative to that issue is the straw argument Schwan's has raised based on Minn. Stat. § 549.09, which has no application to this case. Federal case law clearly holds that "[p]rejudgment interest depends on the law that supplies the *substantive rule of decision* . . .". Pearlman v. Zell, 185 F.3d 850, 857 (7th Cir. 1999) (emphasis added and citing In re Oil Spill by Amoco Cadiz,

[1]Although some of these exhibits may already be part of the Court record, Doboy has taken the liberty of including those exhibits here for the Court's convenience.

954 F.2d 1279, 1333 (7th Cir. 1992)). Indeed, the Eighth Circuit, whose precedents are binding on this Court, has repeatedly held: "In a diversity case, the question of prejudgment interest is a *substantive* one, controlled by state law." Emmenegger v. Bull Moose Tube Company, 324 F.3d 616, 624 (8th Cir. 2003) (emphasis added and citing Swope v. Siegel-Robert, Inc., 243 F.3d 486, 497 (8th Cir. 2001) and Happy Chef Systems, Inc. v. John Hancock Mut. Life Ins. Co., 933 F.2d 1433, 1435 (8th Cir. 1991)). In the footnote which directly follows the Emmenegger holding, the Eighth Circuit explained what is meant by the phrase "state law," saying: "Nevertheless, as in a diversity case, a federal court . . . is bound to apply the substantive law *governing the claims*." Id. at 624 n.9. Accordingly, when federal courts, including the Eighth Circuit, speak of a prejudgment interest award as depending on the "substantive rule of decision," or "the substantive law governing the claims," they are referring to that body of *substantive* law by which the claims presented are decided. Wisconsin law is the substantive law governing the claims involved in this litigation, because the parties by their contract have agreed that Wisconsin law shall govern "[t]he validity, interpretation, and performance of" their contract, and all claims were tried, submitted, and decided under Wisconsin law. See Doboy Proposal at 11, Affidavit of Paul E. D. Darsow ("Darsow Aff.") Exhibit A. Therefore, Wisconsin law, not Minnesota law, determines whether Schwan's is entitled to prejudgment interest.

**B. The Authorities Relied Upon By Schwan's Do Not, And Cannot, Overcome The Conclusion That Wisconsin Law Governs The Issue Of Prejudgment Interest.**

Schwan's boldly proclaims, without citation to any legal authority, that "the ability of parties to a contract to choose the law that will govern their transaction is limited." Schwan's Sales Enterprises, Inc.'s, Memorandum of Law in Support of Its Motion to Amend Judgment ("Schwan's Memorandum") at 3. Such an omission is not surprising, because that proclamation is unsupported by legal authority and stems from a misstatement of the law articulated in the cases that Schwan's actually does cite. An analysis of the authorities upon which Schwan's relies demonstrates the error in Schwan's position.

In Fredin v. Sharp, 176 F.R.D. 304, 308 (D.Minn. 1997), a case upon which Schwan's relies heavily, this Court decided the issue of whether a party was entitled to amend its answer to assert a South Dakota statute of limitation defense against Minnesota statutory claims where the parties entered into dairy cattle leases providing that the leases would be governed and construed under South Dakota law. See Fredin, 176 F.R.D. at 307-308. Within the context of a statute of limitations issue, *not prejudgment interest*, this Court observed "that, unless the parties expressly agree to apply the statute of limitations of another state, general choice of law provisions, as expressed in contracts, do not displace the procedural law of the forum state." Fredin, 176 F.R.D. at 308. This action, by contrast, deals with the issue of what law governs an award of prejudgment interest in a federal diversity action. Fredin in no way addresses that issue. Thus, Fredin is inapplicable.

The same is true with respect to Honeywell, Inc. v. Ruby Tuesday, Inc., 43 F.Supp.2d 1074 (D.Minn. 1999), another case upon which Schwan's relies. In Honeywell, the Honorable David S. Doty applied Minnesota choice of law principles to determine whether Alabama or Minnesota law applied to the issue of whether a contractual one-year limitation period was legally valid and enforceable. See 43 F.Supp.2d at 1077-1079. Honeywell is another case involving a true conflict of laws over a statute of limitation issue. It had nothing to do with the issue of what body of law governs an award of prejudgment interest in a federal diversity case.

The same is also true with respect to Netwig v. Georgia-Pacific Corp, 2002 WL 391354 (D.Minn. 2002), an unpublished decision of this Court in response to an alternative motion for dismissal or change of venue. That case also involved, in relevant part, the question of whether a Kansas or Minnesota statute of limitation applied in a products liability action. See Netwig, 2002 WL 391354 at *2, Darsow Aff., Exhibit B. Netwig never addressed the issue Schwan's has raised here, namely, whether a party whose claims are clearly governed by the substantive law of one state is entitled to have a federal court apply a different state's law to the issue of prejudgment interest in a federal diversity action.

Schwan's also relies on four federal appellate court cases from the Third, Sixth, Ninth, and Tenth Circuits to support its argument that the parties' contract does not govern the issue of prejudgment interest. See Schwan's Memo. at 4 n.1 (citing Gluck v. Unisys Corporation, 960 F.2d 1168 (3rd Cir. 1992); Phelps v. McClellan, 30 F.3d 658 (6th Cir. 1994); Des Brisay

v. Goldfield Corporation, 637 F.2d 680 (9th Cir. 1981); and Federal Deposit Insurance Corporation v. Peterson, 770 F.2d 141 (10th Cir. 1985)). As with the cases previously discussed, all of those cases address the issue of whether the forum state's statute of limitation should apply to claims governed by another state's law. None of those cases address the precise issue before this Court, namely, whether the issue of prejudgment interest in a diversity action is governed by the law governing the claims, or by the law of the state in which the federal court happens to be seated. Accordingly, these additional cases are inapposite to the issue before this Court.

The United States Supreme Court's remarks in Sun Oil Company v. Wortman, 486 U.S. 717, 726-727, 108 S.Ct. 2117, 2124 (1988) demonstrate just how inapposite those cases truly are with respect to the issue before this Court. The petitioner in that action argued that the Kansas Supreme Court erred by not requiring application of the statute of limitations afforded by the substantive law governing the parties' claims, rather than the statute of limitations available under Kansas law, on the ground that statutes of limitation are "substantive." Wortman, 486 U.S. at 726, 108 S.Ct. at 2124. The High Court rejected that contention, noting that there is no equivalency between the substantive-procedural dichotomy employed by the Erie doctrine and that employed for purposes of a conflict of laws analysis. See id. Schwan's' argument is premised on the same faulty notion that such an equivalency exists. However, Schwan's' argument is the inverse of the petitioner's argument in Wortman. Schwan's simply assumes that Minn. Stat. § 549.09 must apply to this action,

because a choice of laws analysis mandates its application as a "procedural" statute. As noted above, however, there is no true conflict of laws analysis before this Court such that it is proper to conclude that Minn. Stat. § 549.09 must apply simply because it is "procedural." The substantive-procedural dichotomy at work in all of the statute of limitations cases relied upon by Schwan's simply has no application here, where there is no true conflict of laws making that dichotomy applicable to the issue of prejudgment interest.

**C. Schwan's Cannot Overcome The Conclusion That Wisconsin Law Governs The Issue Of Prejudgment Interest By Appealing To The Substantive Law Of Minnesota, Because Such An Appeal Promotes Forum Shopping In Derogation Of The Erie Doctrine.**

Having sorted the proverbial wheat from the chaff, Doboy comes to what is really driving Schwan's motion: the decision of the Minnesota Court of Appeals in Zaretsky v. Molecular Biosystems, Inc., 464 N.W.2d 546 (Minn.App. 1990).[2] In that action, the Hennepin County District Court "determined the dispute was governed by New York substantive law." Zaretsky, 464 N.W.2d at 547. On appeal, Zaretsky involved the issue of whether the law of the forum applies to the calculation of prejudgment interest when a conflict arises between the law of Minnesota and another state. The Minnesota Court of Appeals acknowledged as the *majority* rule "'that prejudgment interest, like the issue of

[2]In addition to relying upon Zaretsky, Schwan's also relies upon Lakehead Electric Company v. Lakehead Pipe Line Company, Inc., 1993 WL 515821 (Minn.App. Dec. 14, 1993), an unpublished decision by the Minnesota Court of Appeals. See Affidavit of Paul E. D. Darsow Aff., Exhibit C. The only difference between Zaretsky and Lakehead, for purposes of this motion, is that one case is published, while the other is not. Doboy's arguments against Zaretsky's application apply with equal force to Lakehead.

damages, is substantive, and the state whose laws govern the substantive legal questions also govern[s] the question of prejudgment interest.'" Zaretsky, 464 N.W.2d at 549 (quoting Cooper v. Ross & Roberts, Inc., 505 A.2d 1305, 1307 (Del.Super.Ct. 1986) and 47 C.J.S. *Interest & Usury* § 49 (1982)). Despite its acknowledgment of the majority rule, the Minnesota Court of Appeals concluded "the issue ought to be viewed differently." Id. After analyzing the *substantive* aspects of Minn. Stat. § 549.09, subd. 1, the Minnesota Court of Appeals concluded, *as a matter of state substantive law*, that "prejudgment interest is a *substantive* remedy for a new, litigant's wrong." Id. (emphasis added). That substantive law conclusion of an intermediate appellate state court, however, is not binding in this federal diversity action involving claims governed by Wisconsin law.[3] As noted above, the Eighth

---

[3]In support of its erroneous argument, Schwan's notes that both the Eighth Circuit and this Court have acknowledged the interpretation Minnesota state courts have assigned to Minn. Stat. § 549.09. See Schwan's Memo. at 5-6 (citing Nesladek v. Ford Motor Company, 46 F.3d 734 (8th Cir. 1995); Ferris, Baker Watts, Inc. v. Deutsche Bank Securities Ltd., 2004 WL 2501563 (D.Minn. Nov. 5, 2004), Darsow Aff., Exhibit D; and Children's Broadcasting Corporation v. Walt Disney Company, 357 F.3d 860 (8th Cir. 2004)). Those cases are also distinguishable from this action. Both Nesladek, 46 F.3d at 735-736, and Ferris, 2004 WL 2501563 at *3, involved a true conflict of laws issue, not one artificially created by a party to achieve a desired result. Neither Nesladek nor Ferris dealt with the issue of prejudgment interest. See Nesladek, 46 F.3d at 735-736 (addressing potential application of a Nebraska ten-year statute of repose to products liability claims); Ferris, 2004 WL 2501563 at *3 (involving motions to dismiss New Jersey RICO claims based on choice of laws principles, because Minnesota's RICO statute does not plaintiffs afford a private right of action). Children's Broadcasting Corp., involved neither a choice of law question nor a contract in which the parties agreed to application of another state's law. See 245 F.3d 1008, 1013-1015 (8th Cir. 2001); cf. Children's Broadcasting Corp., 2002 WL 1858759 at *1-2 (D.Minn. Aug. 12, 2002), Darsow Aff., Exhibit E; and Children's Broadcasting Corp., 357 F.3d at 862-863. Accordingly, none of these decisions control the issue before this Court.

Circuit, along with other federal courts, views the issue according to the majority view, which regards prejudgment interest as an issue controlled by the substantive state law governing the claims presented at trial. Schwan's is not entitled to have a different rule applied by appealing to the substantive law of Minnesota or any state other than Wisconsin. Such a result would derogate and undermine the central purpose of the Erie doctrine, namely to avoid the potential for forum shopping. See Guaranty Trust Co. of New York v. York, 326 U.S. 99, 111, 65 S.Ct. 1464, 1471 (1945) (discussing the purpose underlying the Erie doctrine). Accordingly, Schwan's effort to have Minnesota substantive law apply in a situation mandating the application of Wisconsin substantive law must fail.

**D. Schwan's Characterization Of Prejudgment Interest As A Procedural Issue Governed By The Law Of The Forum Incorrectly Identifies The Forum, Invites The Court To Ignore The Erie Doctrine, And Disrespects The Doctrine Of Federalism As Manifested In The Rules Enabling Act Which Authorizes The United States Supreme Court To Prescribe Procedural Rules For The Federal Courts.**

Seizing upon Zaretsky's observation that Minn. Stat. § 549.09 contains a procedural element that "promotes the early settlement of cases between litigants, see Zaretsky, 464 N.W.2d at 550, Schwan's argues that Minn. Stat. § 549.09 is procedural in nature, requiring its application in this action as the law of the forum. Assuming *arguendo* that Minn. Stat. § 549.09 is in fact *procedural*, and not substantive as the Eighth Circuit and other federal courts have held, Schwan's argument is flawed in three additional respects. First, it incorrectly identifies the forum whose procedures ostensibly apply. Second, it invites the Court to ignore both the Rules Enabling Act and the Erie doctrine, which leaves the Federal

Courts free to follow their own procedures while applying state substantive law. Third, it disrespects the doctrine of federalism as manifested in the plain language of the Rules Enabling Act which authorizes the United States Supreme Court to prescribe procedural rules for the Federal Courts.

**1. Minn. Stat. § 549.09 is not the law of *this* forum, which is the United States District Court for the District of Minnesota, not a Minnesota *state* court, subordinate to the Minnesota Court of Appeals.**

The phrase "law of the forum" is often used in situations involving a bona fide conflict of laws. An important issue relative to Schwan's argument is what is meant by the term "forum." Schwan's apparently understands the term "forum" to be synonymous with the situs of the legal dispute. See Schwan's Memorandum at 3 and ff. The term "forum," however, is typically understood as "[a] court of justice, or judicial tribunal; a place of litigation. . . . Particular place where judicial . . . remedy is pursued. *See also* Venue." BLACK'S LAW DICTIONARY at 655 (Sixth Ed. 1990). The term "forum," as so defined and used within this context, refers to the United States District Court for the District of Minnesota, not the State of Minnesota as the body politic in which that Court happens to sit. To be sure, this Court's jurisdictional boundaries are co-extensive with the boarders of the State of Minnesota. That fact, however, does not make Minnesota statutes purporting to enact procedures applicable to its judiciary binding on the Federal Courts which also happen to occupy that State's boundaries. Consequently, Schwan's argument that Minn. Stat. §

549.09 is applicable as the procedural "law of the forum" is incorrect and misplaced insofar as it equates "forum" with the State of Minnesota as opposed to this judicial district.

**2. Schwan's invites the Court to ignore both the Rules Enabling Act and the Erie doctrine by arguing that this Court is obliged to follow a procedural rule crafted by the Minnesota legislature and interpreted by Minnesota state courts.**

Before the Federal Rules of Civil Procedure were adopted in 1872, the Conformity Act of 1872 regulated practice in the federal courts. See JACK H. FRIEDENTHAL ET AL., CIVIL PROCEDURE § 4.4 at 205 (2nd Ed. 1993) (citing Act of June 1, 1872, ch. 255, § 5, 17 Stat. 197 (1872) (repealed 1934)). That situation changed when Congress passed the Rules Enabling Act of 1938, a statute which continues to authorize the United States Supreme Court "to prescribe general rules of practice and procedure . . . for cases in the United States district courts . . .". 28 U.S.C. § 2072(a) (2006). In Erie v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938), the United States Supreme Court held, consistent with the express language of the Rules Enabling Act, that "Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts." In conjunction with that decision, Mr. Justice Reed candidly observed: "The line between procedural and substantive law is hazy, but no one doubts federal power over procedure." Erie, 304 U.S. at 92, 58 S.Ct. at 828 (Reed, J., concurring in part). That point was later amplified in Hanna v. Plumer, 380 U.S. 460, 473, 85 S.Ct. 1136, 1145 (1965), a case that involved a clash between federal and state rules of procedure, wherein the United States Supreme Court held: "Erie and its offspring cast no

doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." Accordingly, under the Erie doctrine, federal courts sitting in diversity apply the state substantive law applicable to the claims presented while applying federal law to issues of procedure.

According to Schwan's, the opposite should happen relative to its motion for prejudgment interest in this federal diversity action. Contrary to the Rules Enabling Act's express mandate, see 28 U.S.C. § 2072(a), and the holdings of the United States Supreme Court in Erie and Hanna, Schwan's effectively argues that Minn. Stat. § 549.09 should govern the issue of whether it is entitled to prejudgment interest precisely because it is a procedural statute. See Schwan's Memorandum at 4-6. Schwan's argument actually favors a result that would have followed under the Conformity Act of 1872, which has been defunct for almost three-quarters of a century. Of course Congress, not a State legislature, has the authority to prescribe procedures regulating practice before this Court and other federal courts. Hence, this Court (or forum) has no obligation to apply State court procedures in a federal diversity action like the present one.

If one accepts the notion that Minn. Stat. § 549.09 amounts to a *procedural* rule simply because it comprehends a set of procedures for effecting its substance, then this Court is free to follow its own "procedures" by following the holding of the Eighth Circuit which mandates the application of Wisconsin law as the law governing Schwan's claims before this

Court. See Emmenegger, 324 F.3d at 624 n.9. It is unnecessary, however, to pit Zaretsky against The Rules Enabling Act, Erie, Hanna, and Emmenegger, because a fair reading of Zaretsky demonstrates that Minn. Stat. § 549.09 is a statute affording both "a substantive remedy" and a set of procedures whereby a party may avail itself of that substantive remedy. Zaretsky has no real application to the issue before this Court, because Zaretsky involves a substantive rule of law decided in a different forum which has no binding effect in this federal diversity action whose claims are undisputedly governed by Wisconsin law. Doboy makes this argument only to demonstrate the logical, but bizzare, ramifications of Schwan's position.

**3. Schwan's Position Disrespects The Doctrine Of Federalism As Manifested In Both The Rules Enabling Act Wherein Congress Authorizes The United States Supreme Court To Prescribe Procedural Rules For The Federal Courts, And In The Supremacy Clause Of The United States Constitution.**

Building on the assumption that Minn. Stat. § 549.09 amounts to a procedural rule to which this Court ostensibly must bow, the ultimate flaw in Schwan's argument is that it disrespects the concept of federalism as manifested in the Rules Enabling Act. As this Court knows well, the United States Constitution authorizes Congress to enact laws governing the procedures of the federal courts. See U.S. Const. Art. I, § 8, Clause 18; Art. III, § 1. Congress exercised that authority when it passed the Rules Enabling Act. See 28 U.S.C. § 2072. The United States Supreme Court comprehended these principles in Hanna, when it rejected efforts to bypass service rules under Fed.R.Civ.P. 4 through enforcement of a

Massachusetts statute requiring personal service in the United States District Court for the District of Massachusetts. At the close of its opinion, the Supreme Court made this graphic statement: "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." Hanna, 380 U.S. at 473-474, 85 S.Ct. at 1145. In other words, the doctrine of federalism is ignored if a state's procedural rules are held to trump federal procedural rules applicable to the federal court sitting in that state.

That, however, is exactly the result Schwan's advocates in this action, assuming Minn. Stat. § 549.09 amounts to a mere procedural rule. The Zaretsky court, quoting the Hennepin County District Court, stated that the procedural aspect of that statute reflected the fact "that '[the Minnesota] legislature has subordinated concerns of full compensation to the procedural aim of unclogging the judicial machinery.'" 464 N.W.2d at 550. If Minn. Stat. § 549.09 amounts to a bare procedural rule that must be followed by this Court, as Schwan's seems to argue, then Schwan's is effectively saying that the Minnesota legislature has power to regulate the procedures for resolving cases in the United States District Court for the District of Minnesota! Such an argument, if accepted, would yield a result that not only conflicts with the Rules Enabling Act, as well as the United States Supreme Court's holdings in Erie and Hanna, but that is actual contrary to the doctrine of federalism manifested in the Supremacy Clause. See U.S. Const. Art. VI, clause 2.

Again, it is unnecessary, so to pit Zaretsky against Erie, Hanna, and the United States Constitution, because Zaretsky, which involved a substantive rule of law decided in a different forum, has no binding effect and no real application to the issue before this Court. Based on the foregoing analysis of both the applicable legal authorities and Schwan's argument favoring application of Minn. Stat. § 549.09, Schwan's renewed effort to inject Minnesota law into this action must fail.[4] Wisconsin law is the law governing the claims before this Court, making it the substantive law of the case. The Eighth Circuit, along with other federal courts, has directly held that prejudgment interest is to be determined according to the applicable substantive law governing the claims before the Court. In this action, that body of law is Wisconsin law. Accordingly, Wisconsin law governs Schwan's motion for prejudgment interest. The only remaining issue for this Court is whether Schwan's is entitled to recover prejudgment interest under Wisconsin law.

## II. SCHWAN'S IS NOT ENTITLED TO PREJUDGMENT INTEREST, BECAUSE, UNDER WISCONSIN LAW, THE LAW THAT SUPPLIES THE SUBSTANTIVE RULE OF DECISION BY VIRTUE OF THE PARTIES' CONTRACT, SCHWAN'S DAMAGES COULD NOT BE ASCERTAINED WITH REASONABLE EXACTNESS.

The imposition of prejudgment interest pursuant to Wis. Stat. § 814.04(4) is discretionary. In Fattore Company, Inc. v. Metropolitan Sewerage Commission of County of Milwaukee, 505 F.2d 1, 6 (7th Cir. 1974), the Seventh Circuit observed that "[t]he major

[4] See Order dated 12/18/03, in which the Court dismissed Schwan's claim under the Minnesota Consumer Fraud Act, in view of the parties' contractual agreement to have the contract governed by Wisconsin law.

principles and guidelines for making an award [of prejudgment interest] are well stated in Laycock v. Parker, 103 Wis.2d 161, 79 N.W.2d 327, 335 (1899)." Quoting from that well-established decision, the Seventh Circuit stated:

> The true principle, which is based on the sense of justice in the business community and on our statute, is that he who retains money which he ought to pay to another should be charged interest upon it. The difficulty is that it cannot well be said one ought to pay money, *unless he can ascertain how much he ought to pay with reasonable exactness.* Mere difference of opinion as to amount is, however, no more a reason to excuse him from interest than difference of opinion, whether he legally ought to pay at all, which has never been held an excuse. * * * *So, if there be a reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes, he should equally be held responsible for making such application correctly and liable for interest if he does not.*
>
> Fattore, 505 F.2d at 7 (emphasis added and quoting Laylock, 103 Wis.2d 161, 79 N.W.2d at 335).

Based on that language, the Seventh Circuit held: "The ability to ascertain the amount payable with reasonable certainty is of *primary importance* if there is to be *a recognized liquidable sum* upon which prejudgment interest *can* be computed." Fattore, 505 F.2d at 7 (emphasis added). In Fattore, the Seventh Circuit upheld the District Court's prejudgment interest award because the defendant was able to determine at least the upper limit of its liability with reasonable certainty. See id.

Damages in this case defied any reasonably certain standard of measurement from the outset of this litigation. One cannot fairly say that Schwan's damages were reasonably certain to both parties from the time of the alleged breach and throughout this litigation.

Schwan's damage expert has asserted that Schwan's was entitled to over $5 million, essentially, on damage figures he received from Schwan's and simply totaled. Doboy's damage expert demonstrated from Schwan's own records that its damages were grossly exaggerated and computed those damages to be under $70,000. The jury took yet a different view, awarding Schwan's damages in the amount of $524,746. It is unclear, from the evidence presented in documents and expert testimony, how the jury arrived at that particular figure. Under these circumstances, one cannot say that Schwan's damages were ever susceptible to measurement under any reasonably certain standard. Therefore, Schwan's is not entitled to prejudgment interest under Wisconsin law.

## CONCLUSION

Wisconsin law applies to the issue of prejudgment interest, because Wisconsin law is the substantive law governing the claims made in this action. The authorities relied upon by Schwan's do not, and cannot, overcome the conclusion that Wisconsin law governs the issue of prejudgment interest. Schwan's cannot overcome the conclusion that Wisconsin law governs the issue of prejudgment interest by appealing to the substantive law of Minnesota, because such an appeal promotes forum shopping in derogation of the Erie doctrine. Moreover, Schwan's characterization of prejudgment interest as a procedural issue governed by the law of the forum incorrectly identifies the forum, invites the court to ignore the Erie Doctrine, and disrespects the doctrine of federalism as manifested in the Rules Enabling Act

which authorizes the United States Supreme Court to prescribe procedural rules for the federal courts. Under Wisconsin law, Schwan's is not entitled to prejudgment interest, because Schwan's damages could not be determined with reasonable exactness. Therefore, Schwan's motion for prejudgment interest must be denied.

Respectfully submitted,

ARTHUR, CHAPMAN, KETTERING
SMETAK & PIKALA, P.A.

Dated: 1/13/06

James F. Mewborn (#72370)
Paul E. D. Darsow (#285080)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, MN 55402-3214
(612) 339-3500

*Attorneys for Plaintiff and Counterclaim Defendant SIG Pack, Inc., Doboy Division*