UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Schwan's Sales Enterprises, Inc.,

Plaintiff and
Counterclaim Defendant,

v.

Civ. No. 01-263 (JNE/AJB)
ORDER

SIG Pack, Inc., Doboy Division,

Defendant and
Counterclaim Plaintiff.

SIG Pack, Inc., Doboy Division, (SIG Pack) and Schwan's Sales Enterprises, Inc. (SSE), entered into a contract for a pizza-wrapping system at one of SSE's pizza-production plants. The parties' claims and counterclaims were tried before a jury in November and December 2005. On December 9, 2005, the jury found SIG Pack had breached the contract and awarded damages in the amount of $524,746 to SSE. Judgment was entered four days later. SSE now moves to amend the judgment to include prejudgment interest. For the reasons set forth below, the Court grants the motion.

## I. DISCUSSION

SSE asserts the judgment should be amended to include prejudgment interest calculated under Minn. Stat. § 549.09 (2004). SIG Pack asserts that Wisconsin law applies to the issue of prejudgment interest and that SSE is not entitled to prejudgment interest because its damages could not be determined with reasonable exactness.

Where, as here, a federal court has subject-matter jurisdiction because of the parties' diversity of citizenship, the court applies state substantive law and federal procedural law. *Kampa v. White Consol. Indus., Inc.*, 115 F.3d 585, 587 (8th Cir. 1997) (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945)); *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir.

1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). For purposes *Erie*, the issue of prejudgment interest is substantive. *See, e.g.*, *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir. 2003); *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 497 (8th Cir. 2001); *Happy Chef Sys., Inc. v. John Hancock Mut. Life. Ins. Co.*, 933 F.2d 1433, 1435 (8th Cir. 1991). Consequently, Minnesota's choice-of-law principles determine which state's law governs the issue of prejudgment interest. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005); *Weitz Co. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1387 (8th Cir. 1983) (per curiam). That prejudgment interest is substantive for purposes of *Erie* does not, however, establish that it is substantive for purposes of the choice-of-law inquiry. *See Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988) (noting no "equivalence between what is substantive under the *Erie* doctrine and what is substantive for purposes of conflict of laws"); *Ferrell*, 393 F.3d at 796 ("The two inquiries are distinct.").

Minnesota courts generally honor choice-of-law provisions made by parties to a contract. *See Milliken & Co. v. Eagle Packaging Co.*, 295 N.W.2d 377, 380 n.1 (Minn. 1980); *Combined Ins. Co. v. Bode*, 77 N.W.2d 533, 536 (Minn. 1956). In this case, the contract provides that its "validity, interpretation, and performance . . . shall be governed by and construed in accordance with the laws of the State of Wisconsin." The parties do not dispute that Wisconsin's substantive law applies. The choice of Wisconsin's substantive law does not, however, necessarily displace Minnesota's procedural law. *See Fredin v. Sharp*, 176 F.R.D. 304, 308 (D. Minn. 1997); *United States Leasing Corp. v. Biba Info. Processing Servs., Inc.*, 436 N.W.2d 823, 825-26 (Minn. Ct. App. 1989). In *Fredin*, the court concluded that a choice-of-law provision that stated that a lease "shall be governed and construed under the Laws of the State of South Dakota" did not displace Minnesota's procedural law. 176 F.R.D. at 308. In *United States Leasing*, the Minnesota Court

of Appeals held "the procedural law of Minnesota relating to limitation of time within which an action may commence governs" notwithstanding a choice-of-law provision that provided "the validity, construction and interpretation of this sales agreement and the rights and duties of the parties hereto shall be governed by the Laws of the Commonwealth of Massachusetts." 436 N.W.2d at 825-26. In this case, the choice-of-law provision is similar to those in *Fredin* and *United States Leasing*. Accordingly, the Court concludes that the contractual selection of Wisconsin's substantive law does not displace Minnesota's procedural law. *See Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn. 1983) (forum law governs procedural matters).

Having concluded that Wisconsin's substantive law applies and that Minnesota's procedural law governs, the Court turns to how Minnesota regards its prejudgment-interest statute, Minn. Stat. § 549.09. In *Zaretsky v. Molecular Biosystems, Inc.*, 464 N.W.2d 546 (Minn. Ct. App. 1990), the court characterized section 549.09 as "more procedural than substantive" and affirmed its use to calculate prejudgment interest even though New York law governed the substantive right of recovery. *Id.* at 549-51. The Court therefore concludes that section 549.09 governs SSE's request for prejudgment interest.

Section 549.09 states in part:

> Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the action . . . .

Minn. Stat. § 549.09, subd. 1(b). Similarly, "[w]hen a judgment . . . is for the recovery of money, . . . interest from the time of the verdict . . . until judgment is finally entered shall be computed . . . as provided in clause (c) . . . ." *Id.* § 549.09, subd. 1(a). Section 549.09, subd. 1(c), provides: "The interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States treasury bills,

calculated on a bank discount basis as provided in this section." Applying section 549.09, the Court awards prejudgment interest to SSE in the amount of $97,617.13. The table below summarizes this calculation.[1]

| Date | | Rate | Interest |
|---|---|---|---|
| 3/15/2001 | 12/31/2001 | 6.00% | 25,187.81 |
| 1/1/2002 | 12/31/2002 | 2.00% | 10,494.92 |
| 1/1/2003 | 12/31/2003 | 4.00% | 20,989.84 |
| 1/1/2004 | 12/31/2004 | 4.00% | 20,989.84 |
| 1/1/2005 | 12/13/2005 | 4.00% | 19,954.72 |
| Total | | | 97,617.13 |

## II. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. SSE's Motion to Amend the Judgment [Docket No. 117] is GRANTED.

2. The Judgment [Docket No. 116] is AMENDED to provide that SIG Pack shall pay SSE $622,363.13, which is the amount of damages the jury awarded to SSE plus prejudgment interest.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 24, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

1 Under Minnesota law, prejudgment interest is available without regard to whether damages are readily ascertainable. *Schwickert, Inc. v. Winnebago Seniors, Ltd.*, 680 N.W.2d 79, 88 (Minn. 2004); *see also Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 388 F.3d 639, 641 n.2 (8th Cir. 2004); *Duxbury v. Spex Feeds, Inc.*, 681 N.W.2d 380, 391 (Minn. Ct. App.), *rev. denied* (Minn. Aug. 25, 2004). Thus, SIG Pack's argument under Wisconsin law—that prejudgment interest is not available because SSE's damages could not be determined with reasonable exactness—does not prevent SSE from obtaining prejudgment interest.