# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 06-1571

| | | |
|---|---|---|
| Schwan's Sales Enterprises, Inc., | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| SIG Pack, Inc., Doboy Division, | * | |
| | * | |
| Defendant-Appellant. | * | |

Submitted: October 16, 2006
Filed: February 9, 2007

CLERK US ... MINNE

Before MELLOY, BEAM, and BENTON, Circuit Judges.

MELLOY, Circuit Judge.

SIG Pack, Inc., Doboy Division ("Doboy") appeals from an order of the district court[1] awarding prejudgment interest to Schwan's Sales Enterprises, Inc. ("Schwan's") on a breach-of-contract counterclaim. Doboy argues that the district court erred in applying Minnesota law regarding prejudgment interest and should have applied Wisconsin law pursuant to a choice-of-law provision in the contract at issue in the lawsuit. We affirm.

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

SCANNED
U.S. DISTRICT COURT MPLS

## II. DISCUSSION

In diversity cases, we apply substantive state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Prejudgment interest is a substantive matter of state law for the purposes of Erie. Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 624 (8th Cir. 2003). This does not, however, answer the question of *which* state's prejudgment interest law should apply. To determine that issue, we look to the conflict-of-law principles of the state where the district court sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co., 325 F.3d 1024, 1027 (8th Cir. 2003). The question of which state's law to apply is a legal one, and we review the district court's determination de novo. Interstate Cleaning Corp., 325 F.3d at 1027.

Because this case arises out of the breach of a contract that contained a choice-of-law provision, we must consider the effect of that provision upon the above analysis. Minnesota courts are "committed to the rule that parties may agree that the law of another state shall govern their agreement and will interpret and apply the law of another state where such an agreement is made." Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n.1 (Minn. 1980) (internal quotation omitted). This rule is not absolute, however. Even in the face of a general, contractual choice-of-law provision, Minnesota courts apply Minnesota law regarding matters of procedure and remedies. U.S. Leasing v. BIBA Info. Processing Servs., Inc., 436 N.W.2d 823, 825-26 (Minn. Ct. App. 1989) (holding that Minnesota procedure and remedies apply to a breach-of-lease case because, while the lease included a choice-of-law provision designating Massachusetts law to govern their dispute, that provision did not expressly state a choice-of-law with regard to procedure and remedies). Indeed, Minnesota courts generally apply their state's own procedure and remedies in all cases involving conflicts of laws, whether the parties' have a choice-of-law agreement or not. See Davis v. Furlong, 328 N.W.2d 150, 153 (Minn. 1983) ("We

hold that when conflicts of procedure arise, the *lex fori* is to be applied.").[2] If the parties wish for the application of another state's law concerning such procedural and remedial matters, they must expressly state it in their agreement. U.S. Leasing, 436 N.W.2d at 826. The parties did not do so here; the language of their choice-of-law provision is virtually identical to the provision at issue in U.S. Leasing.[3]

Although we consider prejudgment interest a matter of substantive law for the purposes of Erie (and thus federal courts must apply *some* state's law to the issue), this does not answer the question of whether prejudgment interest is a matter of substantive or procedural law for the purposes of determining which state's law to apply. As the Supreme Court has stated, there is not "an equivalence between what is substantive under the Erie doctrine and what is substantive for the purposes of conflict of laws." Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988). Thus, Minnesota courts may consider prejudgment interest to be a procedural or remedial issue to be governed by the law of the forum state, and they have done so. See Zaretsky v. Molecular Biosystems, Inc., 464 N.W.2d 546, 548-51 (Minn. Ct. App. 1990) (holding, as a matter of first impression, that prejudgment interest is procedural

---

[2]Later cases have called this statement in Davis into question, at least with regard to statute-of-limitations conflicts. See Danielson v. Nat'l Supply Co., 670 N.W.2d 1, 5 (Minn. Ct. App. 2003) (noting that "[t]here is some ambiguity" as to whether Minnesota courts always apply Minnesota statutes of limitations, even though they generally view them as procedural). The Minnesota Supreme Court has not spoken on the issue since Davis, however. To the extent that Danielson and other Minnesota Court of Appeals cases conflict with Davis, we note that we are bound to apply state law "as declared by its Legislature in a statute or by its highest court in a decision." Erie, 304 U.S. at 78.

[3]The contractual choice-of-law provision at issue in U.S. Leasing reads as follows: "the validity, construction and interpretation of this sales agreement and the rights and duties of the parties hereto shall be governed by the laws of the Commonwealth of Massachusetts." U.S. Leasing, 436 N.W.2d at 825 (quotation omitted).

for choice-of-law purposes because it "promotes the early settlement of cases between litigants" and predicting that its characterization "may soon become the majority rule"). Accordingly, we agree with the district court that the issue of prejudgment interest—a matter of substantive law for Erie purposes—is a procedural matter for conflict-of-laws purposes under Minnesota law. Therefore, we also agree that Minnesota's prejudgment interest statute applies in the absence of an choice-of-law provision that expressly governs procedural matters.

Doboy disagrees, first arguing that Minnesota's rules regarding conflicts-of-law are irrelevant to this case because the parties chose Wisconsin law to govern the interpretation of their contract, including the choice-of-law provision. In essence, Doboy contends that the district court began its analysis at the wrong starting point. According to Doboy, the district court should have first given the choice-of-law provision the effect it would have under Wisconsin law; if it had done so, Doboy asserts that the district court would have found that Wisconsin law governing prejudgment interest applies. Doboy claims that Wisconsin courts, like Minnesota courts, construe general choice-of-law agreements as governing the choice of substantive law; unlike Minnesota courts, however, Doboy asserts that Wisconsin courts view prejudgment interest as a matter of substantive state law.[4] Doboy's argument boils down to the following: the district court should have determined the scope of the choice-of-law provision under Wisconsin law and, had it done so, it would have found that Wisconsin law governing prejudgment interest applies to the breach of contract here.

The logic of this argument suffers from some circularity. Doboy essentially argues that the district court should have determined the effect of the choice-of-law provision under the law of the parties' chosen state; this would basically give effect

[4]We assume, without deciding, that Doboy's statement of Wisconsin law is accurate.

to that provision *before* the court's analytical determination of what effect it should have. The Restatement (Second) of Conflict of Laws addresses this issue in a section addressing contractual choice-of-law provisions:

> The reference, in the absence of a contrary indication of intention, is to the "local law"[5] of the state of the applicable law and not to that state's "law," which means the totality of its law including its choice-of-law rules. Values of certainty of result and ease of application dictate that the forum should apply the local law of the selected state and not concern itself with the complications that might arise if the forum were to apply that state's choice-of-law rules. . . . It should be reiterated that in the contracts area the forum, in the absence of a contrary indication of intention, will not apply the choice-of-law rules of another state.

Restatement (Second) of Conflict of Laws § 186 cmt. b (cross-references omitted); see Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 333 (2d Cir. 2005) (noting that "courts consider the scope of a contractual choice-of-law clause to be a threshold question" and "determine a choice-of-law clause's scope under . . . the law of the forum"). Here, the parties did not expressly provide that Wisconsin's choice-of-law rules would apply in interpreting the scope and effect of their contract. Thus, the district court did not err in applying Minnesota law to ascertain the effect of the choice-of-law provision in their contract.

Doboy also argues that the district court erred in failing to apply Minnesota's five-factor test for conflicts of substantive law on the matter of prejudgment interest. See Jepson v. Gen. Cas. Co. of Wis., 513 N.W.2d 467, 470 (Minn. 1994) (reciting the five factors). This argument assumes that the district court erred in finding that

---

[5]The Restatement defines the "local law" of a state as "the body of standards, principles and rules, exclusive of its rules of Conflict of Laws, which the courts of that state apply in the decision of controversies brought before them." Restatement (Second) of Conflict of Laws § 4(1).

Minnesota courts consider prejudgment interest to be a matter of procedural law. It did not, for the reasons noted above, and therefore this argument lacks merit.

## III. CONCLUSION

The district court's well-reasoned decision correctly analyzed this issue and properly applied Minnesota law regarding prejudgment interest. Therefore, we affirm the judgment of the district court.

---

**United States Court of Appeals**
***For The Eighth Circuit***
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
***Clerk of Court***

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

February 09, 2007

Mr. Paul Edward David Darsow
ARTHUR & CHAPMAN
81 S. Ninth Street
500 Young Quinlan Building
Minneapolis, MN 55402-3214

FEB 2007
CLERK US DIST COURT
MINNEAPOLIS MN

RE: 06-1571 Schwan's Sales v. SIG Pack, Inc.

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. No grace period for mailing is allowed, and the date of the postmark is irrelevant. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

In counseled cases, any petition for panel rehearing or petition for rehearing en banc that is filed must also include a diskette or CD-Rom containing an electronic version of your petition. The diskette or CD-Rom must be submitted in Portable Document Format(PDF) and scanned for viruses, in conformance with the requirements set forth in 8th Cir. R. 28A(d)(2) and (3).

Michael E. Gans
Clerk of Court

dms
Enclosure(s)
cc: Ms. Jennifer Elizabeth Ampulski
Mr. John T. Chapman
Mr. William Michael Hart
Mr. Michael D. Hutchens
Mr. James Franklin Mewborn
Mr. Richard Sletten
Mr. Chad J. Stepan
Ms. Erica Gutmann Strohl
District Court/Agency Case Number(s): CIV 01-263 JNE/AJB